UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLY CACICI,

    Plaintiff,

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY, an affiliate of AIG INTERNATIONAL,

    Defendant.

Civil Action No. 19-9203 (MAS) (TJB)

**MEMORANDUM ORDER**

    This matter comes before the Court upon Defendant American General Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Carly Cacici's ("Plaintiff") Complaint pursuant to Federal Rule[1] of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff opposed (ECF No. 9), and Defendant replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    A district court must conduct a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court "must take note of the elements a plaintiff must plead to state a claim"; review the complaint to strike conclusory allegations; and accept as true all of the plaintiff's well-pled factual allegations while "constru[ing] the complaint in the light most favorable to the plaintiff." *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In accepting the plaintiff's factual allegations, the court may ignore legal conclusions or factually unsupported accusations that

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

merely state "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Plaintiff's two-count Complaint for breach of contract and contract reformation concerns an insurance policy that insured the life of Joseph F. Cacici ("Mr. Cacici" or "Decedent"). (*See generally* Compl., ECF No. 1-2.) The breach of contract count contains three paragraphs of general allegations. (*Id.* at 1-2.) Plaintiff, Decedent's daughter, alleges that a July 2012 beneficiary election provided she would receive 40% of the policy's proceeds upon Mr. Cacici's death but a July 2013 beneficiary election reduced her share to 13% of the policy's proceeds. (*Id.*) Plaintiff further alleges that the changed percentages "were not reflected in the Last Will and Testament of [Mr.] Cacici[], which is dated . . . after the alleged changes to the life insurance policy." (*Id.* at 2.) Plaintiff avers that "[D]efendant accepted an electronic signature, which defied the intent of the parties, and did not serve to alter the prior allocation of the deceased's life insurance proceeds." (*Id.*)

The reformation count consists of two paragraphs. (*Id.* at 3.) The first paragraph incorporates the allegations in the first count of the Complaint. (*Id.*) The second paragraph states that the policy "should be reformed to revert back to the intention of the deceased as referenced in his life insurance policy dated July 26, 2012 and in the Last Will and Testament." (*Id.*)

Plaintiff's few factual allegations and bare assertions fail to raise a plausible breach of contract or reformation claim. The most the Court can glean from the Complaint is Plaintiff's apparent dissatisfaction with Decedent's reapportionment of the beneficiary proceeds between 2012 and 2013. The Court, consequently, finds Defendant met its burden of demonstrating that no claim has been presented.

Plaintiff alleges new facts in her opposition brief. For example, Plaintiff alleges:

> The genesis of the complaint and theory of liability rests on the cause of action against the Defendant that [it] inappropriately accepted an electronic change of beneficiary in 2013, without any regard for the health and well-being of the decedent and the surrounding circumstances of the change in beneficiary in order to determine its origin, viability, legitimacy, or foundation. Whether or not the Defendant's policy is consistent with permitting an electronic change in beneficiary without an original signature is the t[h]rust of the complaint and certainly the complaint annunciates efficiently that.

(Pl.'s Opp'n Br. 2, ECF No. 9.) The Court, however, cannot consider these new facts in its Rule 12(b)(6) analysis.[2] *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (it is "axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss"). Here, the Court will afford Plaintiff the opportunity to file an amended complaint. Accordingly,

IT IS on this 25th day of November 2019 **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.

2. The Clerk shall close this case.

---

[2] The Court does not represent whether the additional facts alleged in the opposition brief would change its analysis. The Court simply finds good cause to afford Plaintiff the opportunity to file an amended complaint. Should Defendant file a motion to dismiss the amended complaint, the Court will consider Defendant's arguments in light of the amended complaint.

3

3.  Plaintiff may file an amended complaint no later than **December 26, 2019**, at which time the Clerk shall reopen the case.

4.  If Plaintiff fails to file an amended complaint by **December 26, 2019**, the Court will dismiss the Complaint (ECF No. 1-2) with prejudice.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**