NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARLY CACICI,<br><br>         Plaintiff,<br><br>         v.<br><br>AMERICAN GENERAL LIFE INSURANCE<br>COMPANY, an affiliate of AIG<br>INTERNATIONAL,<br><br>         Defendant. | Civil Action No. 19-9203 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant American General Life Insurance Company's ("Defendant") unopposed Motion to Dismiss Plaintiff Carly Cacici's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 13.) The Court has carefully considered Defendant's arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Dismiss is granted.

## I.   BACKGROUND

Plaintiff's two-count Amended Complaint for breach of contract and contract reformation concerns the life insurance policy (the "Policy") of her late father, Joseph F. Cacici ("Mr. Cacici" or "Decedent"). (*See generally* Am. Compl., ECF No. 12.) Plaintiff's breach of contract count alleges that a July 2012 beneficiary election provided she would receive 40% of the Policy's

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

proceeds upon Mr. Cacici's death. (*Id.* at 1.) A June 2013 beneficiary election, however, reduced

her share to 13% of the Policy's proceeds. (*Id.* at 1–2.) According to Plaintiff, these changes "were

not reflected in the Last Will and Testament of [Mr.] Cacici, which is dated . . . after the alleged

[June 2013] changes to the life insurance policy [were made]." (*Id.* at 2; *see also* Joseph F. Cacici

Last Will and Testament *2, 8–9, ECF No. 12-3 (distributing 40% of the Policy's proceeds to

Plaintiff).) Plaintiff pleads that Defendant's policies "did not require any verification or

corroboration to confirm that the intent of the [D]ecedent was to change the allocation of the life

insurance proceeds with regard to the beneficiaries." (Am. Compl. 2.) Plaintiff also alleges there

was unreliability and intentional malfeasance in the June 2013 beneficiary election that "defied the

intent of the parties, and did not serve to alter the prior [July 2012] allocation of the [Decedent's]

life insurance proceeds." (*Id.* at 2–3.) Plaintiff's reformation count repeats the allegations

contained in the breach of contract count and argues that Mr. Cacici's life insurance policy "should

be reformed to revert back to the intention of the [Decedent] as referenced in his life insurance

policy dated July 26, 2012 and in the Last Will and Testament." (*Id.* at 4.)

On November 25, 2019, the Court dismissed Plaintiff's first Complaint for failure to state

a claim but permitted Plaintiff an opportunity to amend. (Nov. 25, 2019 Mem.

Order 3–4, ECF No. 11.) Plaintiff filed an Amended Complaint on December 23, 2019 containing

the same two claims and alleging new facts predominantly related to Defendant's electronic

acceptance of Mr. Cacici's June 2013 beneficiary election. (*See generally* Am. Compl.) Defendant

once again moves to dismiss Plaintiff's Amended Complaint for failure to state a claim.

## II.    LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.    DISCUSSION

### A.    Breach of Contract

Count One alleges a breach of contract claim against Defendant. (Am. Compl. 1–3.) To state a claim for breach of contract, a plaintiff must plausibly allege: (1) "that the parties entered into a contract containing certain terms"; (2) "that [the plaintiff] did what the contract required [her] to do"; (3) "that [the defendant] did not do what the contract required [it] to do, defined as a breach of contract"; and (4) "that [the defendant's] breach, or failure to do what the contract required, caused a loss to the plaintiff[]." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)

3

(internal quotation marks and citation omitted). Failure to identify a specific provision of a contract that was breached is grounds for dismissal. *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459–60 (D.N.J. 2009).

It appears that the Amended Complaint alleges that Defendant breached the Policy by either (1) distributing the Policy's proceeds in accordance with the June 2013 allocation, not the July 2012 allocation, (Am. Compl. 1–2), or (2) accepting electronic submissions of proceed distribution changes and failing to require "any verification or corroboration" to confirm that Mr. Cacici intended such a change, (*id.* at 2–3). Plaintiff's claim, however, fails to identify any contractual relationship between Plaintiff and Defendant. Plaintiff does not allege she was a party to the Policy, nor does she bring the present action on behalf of Mr. Cacici. (*See generally id.*; *see also* Def.'s July 26, 2012 Correspondence to Mr. Cacici *2 (listing Joseph F. Cacici as the Policy's "contract owner"), ECF No. 12-1.)[2] Furthermore, even if there were a contract between the parties, Plaintiff does not point to any specific provision of the contract which Defendant violated. *Skypala*, 655 F. Supp. 2d at 460. Plaintiff, accordingly, fails to state a claim for breach of contract.

### B.    Reformation of Contract

Count Two asserts that the Policy "should be reformed to revert back to the intention of [Mr. Cacici] as referenced in his life insurance policy dated July 26, 2012 and in the Last Will and Testament." (Am. Compl. 4.) "Reformation presupposes that a valid contract between the parties was created but, for some reason, was not properly reflected in the instrument that memorializes the agreement." *H. Prang Trucking Co. v. Local Union No. 469*, 613 F.2d 1235, 1239 (3d Cir. 1980). As stated above, Plaintiff has not sufficiently alleged a contract between the parties and, accordingly, fails to state a claim for reformation.

---

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

4

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Amended Complaint is granted. The Court will afford Plaintiff one final opportunity to amend her complaint. The Court will enter an Order consistent with this Memorandum Opinion.

_Mashipp_

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE